JMM:BTR
F.#2009R00494

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - -X

UNITED STATES OF AMERICA

    - against -

CHRIS ORSARIS,

         Defendant.

- - - - - - - - - - - - - - -X

THE GRAND JURY CHARGES:

FILED
IN CLERK  FICE
U.S. DISTRICT COURT E.D.N.Y.

★   MAR 26 2010   ★

LONG ISLAND OFFICE

I N D I C T M E N T

Cr. No
(T. 18, U.S.C., §§ 513,
981(a)(1)(C), 982(a)(1),
982(b)(1), 1001(a)(2),
1349, 1957, 2 and 3551 et
seq.; T. 21, U.S.C., §
853(p); T. 28, U.S.C., §
2461(c))

CR 10 232

WEXLER, J.
BOYLE, M.

## INTRODUCTION

     At all times relevant to this Indictment, unless
otherwise indicated:

     1.  The defendant CHRIS ORSARIS, ("ORSARIS"), was
employed as the general manager of Major Automotive Companies,
Inc., also known as Major World ("Major").

     2.  P.S.A.C. Auto Consultants, Inc. ("PSAC") was a New
York corporation formed by ORSARIS in 1999.  P.S.C.A. Consultants
Inc. ("PSCA") was a New York corporation formed by ORSARIS in
2002.  C.P.M.W. Consultants Inc. ("CPMW") was a New York
corporation formed by ORSARIS in 2008.  All three companies were
created by the defendant to provide consulting services.

     3.  Major owned a series of corporations that were
retail automotive dealers located throughout the New York
metropolitan area including Queens and Long Island, New York.

Major's primary company was Major Chevrolet, Inc. ("Major
Chevrolet"), a New York corporation, located in Queens, New York.

The Forged Major Commission Checks Scheme

4. Major was managed by John Doe No. 1 and John Doe
No. 2, individuals whose identities are known to the Grand Jury,
who were, respectively, the Chief Executive Officer and the
President of Major. As part of his compensation as general
manager of Major, ORSARIS was paid commissions for each used car
sold, and a percentage of the profits made by Major each month in
arranging financing. The defendant's salary and commissions were
paid through Major Chevrolet. ORSARIS requested that commission
payments be made to his consulting companies: PSAC, PSCA and
CPMW. Checks issued by Major required the signature of John Doe
No. 1 or John Doe No. 2.

5. From on or about and between January 2004 through
June 2009, the defendant caused Major's staff to calculate
commissions at an inflated rate and to prepare inflated
commission checks made payable to PSAC, PSCA and CPMW. ORSARIS
then collected unsigned, inflated commission checks, forged the
signature of John Doe No. 1 or John Doe No. 2, and deposited the
forged checks into bank accounts, controlled by ORSARIS, in
Commerce Bank and HSBC Bank USA.

## The Boat Insurance Scheme

6. On or about April 15, 2005, ORSARIS purchased a 2005 model 50' Sea Ray Sundancer Cruiser, Hull Identification Number ("HIN") SERY1204I405, named "B LOW ME" (the "Sea Ray"), from Surfside 3 Marina Inc. of Lindenhurst, New York for $860,310.01.

7. A down payment on the Sea Ray was made by the defendant CHRIS ORSARIS. The remainder of the Sea Ray's purchase price was financed through a bank loan from Commerce Bank. Loan payments were made from the defendant's PSCA bank account.

8. Ace American Insurance Company ("Ace American") was an insurance company based in Philadelphia, Pennsylvania, which maintained an insurance claims processing office in Concord, North Carolina. The Sea Ray was insured by Ace American.

9. In or about August 2006, the defendant caused the Sea Ray to be piloted into the College Point Yacht Club, Queens, New York, where the Sea Ray was hauled out of the water and placed in dry storage.

10. On or about October 15, 2006, after the Sea Ray was in dry storage, the defendant falsely reported to the New York City Police Department and to Ace American that the Sea Ray had been stolen from the World's Fair Marina in Flushing, New York, where ORSARIS claimed that he had docked the boat on October 14, 2006.

11.   In January 2007, based on ORSARIS's false claim, Ace American paid the defendant's outstanding loan balance from Commerce Bank in the amount of $754,034.29.   Ace America also paid ORSARIS $112,965.71 based on the estimated equity value of the Sea Ray.

12.   The defendant CHRIS ORSARIS deposited the check for $112,965.71 from Ace American in a personal account at Commerce Bank.

13.   In September 2008, the Sea Ray was located and recovered by law enforcement officers from dry storage at College Point Yacht Club.

## COUNTS ONE THROUGH EIGHTY
### (Forged Checks)

14.   The allegations contained in paragraphs 1 through 5 are realleged and incorporated as if fully set forth in this paragraph.

15.   On or about the dates listed below, within the Eastern District of New York, the defendant CHRIS ORSARIS did knowingly and intentionally make, utter and possess forged securities of an organization, to wit: checks of Major Chevrolet, Inc., with the intent to deceive another person and organization.

| Count | Date of Check | Payee | Amount |
|:-----:|:-------------:|:-----:|:------:|
| 1 | 5/15/2005 | PSCA | $ 36,946.47 |
| 2 | 7/20/2005 | PSCA | $ 52,335.01 |
| 3 | 8/17/2005 | PSCA | $ 36,734.05 |
| 4 | 9/21/2005 | PSCA | $ 73,904.00 |
| 5 | 9/28/2005 | PSCA | $ 33,495.80 |
| 6 | 10/12/2005 | PSCA | $ 32,947.91 |
| 7 | 10/26/2005 | PSCA | $ 29,397.74 |
| 8 | 11/23/2005 | PSCA | $ 50,346.44 |
| 9 | 12/15/2005 | PSCA | $ 43,000.00 |
| 10 | 1/04/2006 | PSCA | $ 43,000.00 |
| 11 | 3/02/2006 | PSCA | $ 44,946.00 |
| 12 | 4/12/2006 | PSCA | $ 6,100.00 |
| 13 | 4/12/2006 | PSCA | $ 58,977.00 |
| 14 | 4/26/2006 | PSCA | $ 55,600.00 |
| 15 | 5/24/2006 | PSCA | $ 54,332.85 |
| 16 | 6/13/2006 | PSCA | $ 68,331.13 |
| 17 | 6/21/2006 | PSCA | $ 58,430.21 |
| 18 | 7/12/2006 | PSCA | $ 49,953.81 |
| 19 | 7/20/2006 | PSCA | $ 58,443.66 |
| 20 | 8/3/2006 | PSCA | $ 54,656.00 |
| 21 | 8/23/2006 | PSCA | $ 42,979.56 |
| 22 | 8/30/2006 | PSCA | $ 57,151.00 |
| 23 | 9/20/2006 | PSCA | $ 39,601.95 |
| 24 | 11/15/2006 | PSCA | $ 32,640.78 |
| 25 | 11/30/2006 | PSAC | $ 52,249.72 |
| 26 | 1/3/2007 | PSCA | $ 38,148.58 |
| 27 | 1/10/2007 | PSCA | $ 39,157.85 |
| 28 | 1/18/2007 | PSCA | $ 52,797.07 |
| 29 | 2/7/2007 | PSCA | $ 43,187.00 |
| 30 | 3/7/2007 | PSCA | $ 58,000.00 |
| 31 | 3/14/2007 | PSCA | $ 77,045.00 |
| 32 | 4/26/2007 | PSCA | $ 38,369.00 |
| 33 | 5/9/2007 | PSCA | $ 44,760.54 |
| 34 | 5/23/2007 | PSCA | $ 43,171.00 |
| 35 | 6/20/2007 | PSCA | $ 46,797.70 |
| 36 | 7/3/2007 | PSCA | $ 48,272.06 |
| 37 | 7/25/2007 | PSCA | $ 38,528.48 |
| 38 | 8/8/2007 | PSCA | $ 49,625.32 |

| Count | Date of Check | Payee | Amount |
|-------|---------------|-------|--------|
| 39 | 8/15/2007 | PSAC | $ 38,781.65 |
| 40 | 8/29/2007 | PSCA | $ 39,740.80 |
| 41 | 9/12/2007 | PSCA | $ 39,663.96 |
| 42 | 10/10/2007 | PSCA | $ 48,080.55 |
| 43 | 10/24/2007 | PSAC | $ 42,827.20 |
| 44 | 10/31/2007 | PSCA | $ 19,940.00 |
| 45 | 11/7/2007 | PSCA | $ 37,539.00 |
| 46 | 11/21/2007 | PSCA | $ 47,208.12 |
| 47 | 11/28/2007 | PSAC | $ 19,700.00 |
| 48 | 12/5/2007 | PSCA | $ 48,028.32 |
| 49 | 12/19/2007 | PSCA | $ 45,480.00 |
| 50 | 1/3/2008 | PSCA | $ 38,078.47 |
| 51 | 1/16/2008 | PSCA | $ 52,458.91 |
| 52 | 1/30/2008 | PSCA | $ 58,500.00 |
| 53 | 2/13/2008 | PSCA | $ 49,000.00 |
| 54 | 2/27/2008 | PSCA | $ 38,924.23 |
| 55 | 3/12/2008 | PSCA | $ 86,763.83 |
| 56 | 3/25/2008 | PSCA | $ 56,605.82 |
| 57 | 4/24/2008 | PSCA | $ 79,826.15 |
| 58 | 4/9/2008 | PSCA | $ 74,644.81 |
| 59 | 5/7/2008 | PSCA | $ 54,907.54 |
| 60 | 5/21/2008 | PSCA | $ 57,546.98 |
| 61 | 6/5/2008 | PSCA | $ 50,356.07 |
| 62 | 6/18/2008 | PSCA | $ 71,487.50 |
| 63 | 7/2/2008 | CPMW | $ 53,933.63 |
| 64 | 7/31/2008 | CPMW | $ 43,357.35 |
| 65 | 8/27/2008 | CPMW | $ 46,727.75 |
| 66 | 8/14/2008 | CPMW | $ 45,262.76 |
| 67 | 9/10/2008 | CPMW | $ 50,077.10 |
| 68 | 10/9/2008 | CPMW | $ 54,250.59 |
| 69 | 10/25/2008 | CPMW | $ 51,513.00 |
| 70 | 11/8/2008 | CPMW | $ 44,331.93 |
| 71 | 12/9/2008 | CPMW | $ 11,650.00 |
| 72 | 12/9/2008 | CPMW | $ 22,172.71 |
| 73 | 12/20/2008 | CPMW | $ 41,579.76 |
| 74 | 12/31/2008 | CPMW | $ 34,518.36 |
| 75 | 1/13/2009 | CPMW | $ 42,000.00 |
| 76 | 3/14/2009 | CPMW | $ 54,389.00 |

| Count | Date of Check | Payee | Amount |
|-------|---------------|-------|--------|
| 77 | 4/9/2009 | CPMW | $ 49,745.00 |
| 78 | 5/5/2009 | CPMW | $ 48,962.77 |
| 79 | 6/4/2009 | CPMW | $ 62,450.00 |
| 80 | 6/13/2009 | CPMW | $ 71,500.00 |

(Title 18, United States Code, Sections 513(a), 2 and 3551 et seq.)

## COUNT EIGHTY-ONE
(Conspiracy to Commit Mail Fraud and Wire Fraud)

16. The allegations contained in paragraphs 6 through 13 are realleged and incorporated as if fully set forth in this paragraph.

17. In or about and between August 2006 and September 2009, both dates being approximate and inclusive, within the Eastern District of New York and elsewhere, the defendant CHRIS ORSARIS, together with others, knowingly and intentionally conspired to devise a scheme and artifice to defraud Ace American, and to obtain money and property from Ace American, by means of materially false and fraudulent pretenses, representations and promises, and for the purpose of executing such scheme and artifice, to (a) place and cause to be placed in a post office and authorized depository for mail matter, matters and things to be sent and delivered by the United States Postal Service, and to deposit and cause to be deposited matters and things to be sent and delivered by private and commercial

interstate carriers, in violation of Title 18, United States Code, Section 1341, and (b) transmit and cause to be transmitted writings, signals, pictures and sounds by means of wire communication in interstate commerce, in violation of Title 18, United States Code, Section 1343.

(Title 18, United States Code, Sections 1349 and 3551 et seq.)

### COUNTS EIGHTY-TWO THROUGH ONE HUNDRED AND SIXTY-TWO
(Engaging in Unlawful Monetary Transactions)

18. Paragraphs 1 through 13 of this indictment are hereby realleged and incorporated as if fully set forth herein.

19. On or about the dates listed below, within the Eastern District of New York, the defendant CHRIS ORSARIS did knowingly and intentionally engage in monetary transactions, in and affecting interstate commerce, in criminally derived property that was of a value greater than $10,000 and was derived from specified unlawful activity, to wit: making and uttering forged checks, mail fraud and wire fraud, in violation of Title 18, United States Code, Sections 513(a), 1341 and 1343, knowing that the property involved in such transactions represented the proceeds of some form of unlawful activity.

| Count | Approximate Date of Deposit | Payee | Amount |
|-------|------------------------------|-------|--------|
| 82 | 5/15/2005 | PSCA | $ 36,946.47 |
| 83 | 7/20/2005 | PSCA | $ 52,335.01 |

| Count | Approximate Date of Deposit | Payee | Amount |
|-------|-----------------------------|-------|--------|
| 84 | 8/17/2005 | PSCA | $ 36,734.05 |
| 85 | 9/21/2005 | PSCA | $ 73,904.00 |
| 86 | 9/28/2005 | PSCA | $ 33,495.80 |
| 87 | 10/12/2005 | PSCA | $ 32,947.91 |
| 88 | 10/26/2005 | PSCA | $ 29,397.74 |
| 89 | 11/23/2005 | PSCA | $ 50,346.44 |
| 90 | 12/15/2005 | PSCA | $ 43,000.00 |
| 91 | 1/4/2006 | PSCA | $ 43,000.00 |
| 92 | 3/2/2006 | PSCA | $ 44,946.00 |
| 93 | 4/12/2006 | PSCA | $ 58,977.00 |
| 94 | 4/26/2006 | PSCA | $ 55,600.00 |
| 95 | 5/24/2006 | PSCA | $ 54,332.85 |
| 96 | 6/13/2006 | PSCA | $ 68,331.13 |
| 97 | 6/21/2006 | PSCA | $ 58,430.21 |
| 98 | 7/12/2006 | PSCA | $ 49,953.81 |
| 99 | 7/20/2006 | PSCA | $ 58,443.66 |
| 100 | 8/3/2006 | PSCA | $ 54,656.00 |
| 101 | 8/23/2006 | PSCA | $ 42,979.56 |
| 102 | 8/30/2006 | PSCA | $ 57,151.00 |
| 103 | 9/20/2006 | PSCA | $ 39,601.95 |
| 104 | 11/15/2006 | PSCA | $ 32,640.78 |
| 105 | 11/30/2006 | PSAC | $ 52,249.72 |
| 106 | 1/3/2007 | PSCA | $ 38,148.58 |
| 107 | 1/10/2007 | PSCA | $ 39,157.85 |
| 108 | 1/11/2007 | Commerce Bank | $754,034.29 |
| 109 | 1/18/2007 | PSCA | $ 52,797.07 |
| 110 | 1/31/2007 | Chris Orsaris | $112,965.71 |
| 111 | 2/7/2007 | PSCA | $ 43,187.00 |
| 112 | 3/7/2007 | PSCA | $ 58,000.00 |
| 113 | 3/14/2007 | PSCA | $ 77,045.00 |
| 114 | 4/26/2007 | PSCA | $ 38,369.00 |
| 115 | 5/9/2007 | PSCA | $ 44,760.54 |
| 116 | 5/23/2007 | PSCA | $ 43,171.00 |
| 117 | 6/20/2007 | PSCA | $ 46,797.70 |
| 118 | 7/3/2007 | PSCA | $ 48,272.06 |
| 119 | 7/25/2007 | PSCA | $ 38,528.48 |
| 120 | 8/8/2007 | PSCA | $ 49,625.32 |

| Count | Approximate Date of Deposit | Payee | Amount |
|-------|------------------------------|-------|--------|
| 121 | 8/15/2007 | PSAC | $ 38,781.65 |
| 122 | 8/29/2007 | PSCA | $ 39,740.80 |
| 123 | 9/12/2007 | PSCA | $ 39,663.96 |
| 124 | 10/10/2007 | PSCA | $ 48,080.55 |
| 125 | 10/24/2007 | PSAC | $ 42,827.20 |
| 126 | 10/31/2007 | PSCA | $ 19,940.00 |
| 127 | 11/7/2007 | PSCA | $ 37,539.00 |
| 128 | 11/21/2007 | PSCA | $ 47,208.12 |
| 129 | 11/28/2007 | PSAC | $ 19,700.00 |
| 130 | 12/5/2007 | PSCA | $ 48,028.32 |
| 131 | 12/19/2007 | PSCA | $ 45,480.00 |
| 132 | 1/3/2008 | PSCA | $ 38,078.47 |
| 133 | 1/16/2008 | PSCA | $ 52,458.91 |
| 134 | 1/30/2008 | PSCA | $ 58,500.00 |
| 135 | 2/13/2008 | PSCA | $ 49,000.00 |
| 136 | 2/27/2008 | PSCA | $ 38,924.23 |
| 137 | 3/12/2008 | PSCA | $ 86,763.83 |
| 138 | 3/25/2008 | PSCA | $ 56,605.82 |
| 139 | 4/24/2008 | PSCA | $ 79,826.15 |
| 140 | 4/9/2008 | PSCA | $ 74,644.81 |
| 141 | 5/7/2008 | PSCA | $ 54,907.54 |
| 142 | 5/21/2008 | PSCA | $ 57,546.98 |
| 143 | 6/5/2008 | PSCA | $ 50,356.07 |
| 144 | 6/18/2008 | PSCA | $ 71,487.50 |
| 145 | 7/2/2008 | CPMW | $ 53,933.63 |
| 146 | 7/31/2008 | CPMW | $ 43,357.35 |
| 147 | 8/27/2008 | CPMW | $ 46,727.75 |
| 148 | 8/14/2008 | CPMW | $ 45,262.76 |
| 149 | 9/10/2008 | CPMW | $ 50,077.10 |
| 150 | 10/9/2008 | CPMW | $ 54,250.59 |
| 151 | 10/25/2008 | CPMW | $ 51,513.00 |
| 152 | 11/8/2008 | CPMW | $ 44,331.93 |
| 153 | 12/9/2008 | CPMW | $ 11,650.00 |
| 154 | 12/9/2008 | CPMW | $ 22,172.71 |
| 155 | 12/20/2008 | CPMW | $ 41,579.76 |
| 156 | 12/31/2008 | CPMW | $ 34,518.36 |
| 157 | 1/13/2009 | CPMW | $ 42,000.00 |
| 158 | 3/14/2009 | CPMW | $ 54,389.00 |

| Count | Approximate Date of Deposit | Payee | Amount |
|-------|------------------------------|-------|--------------|
| 159 | 4/9/2009 | CPMW | $ 49,745.00 |
| 160 | 5/5/2009 | CPMW | $ 48,962.77 |
| 161 | 6/4/2009 | CPMW | $ 62,450.00 |
| 162 | 6/13/2009 | CPMW | $ 71,500.00 |

(Title 18, United States Code, Sections 1957, 2 and 3551 et seq.)

## COUNT ONE HUNDRED SIXTY-THREE
### (False Statement)

20. The allegations contained in paragraphs 6 through 13 are realleged and incorporated as though fully set forth in this paragraph.

21. On or about April 7, 2009, within the Eastern District of New York, the defendant CHRIS ORSARIS did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the United States Department of the Treasury, in that CHRIS ORSARIS falsely stated to agents that he was on the Sea Ray on October 14, 2006 at the World's Fair Marina in Queens, New York the night before it was reported stolen, when in fact, as he then and there well knew and believed, the Sea Ray was not at the World's Fair Marina on the date claimed.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## COUNT ONE HUNDRED SIXTY-FOUR
### (False Statement)

22.    The allegations contained in paragraphs 6 through 13 are realleged and incorporated as though fully set forth in this paragraph.

23.    On or about April 7, 2009, within the Eastern District of New York, the defendant CHRIS ORSARIS did knowingly and willfully make a materially false, fictitious and fraudulent statement and representation in a matter within the jurisdiction of the executive branch of the Government of the United States, to wit: the United States Department of the Treasury, in that CHRIS ORSARIS falsely stated to agents that his Sea Ray was stolen from the World's Fair Marina in Queens, New York in October 2006, when in fact, as he then and there well knew and believed, the Sea Ray was not stolen.

(Title 18, United States Code, Sections 1001(a)(2) and 3551 et seq.)

## CRIMINAL FORFEITURE ALLEGATION
### AS TO COUNTS ONE THROUGH EIGHTY-ONE

24.    The United States hereby gives notice to the defendant charged in Counts One through Eighty and Eighty-One that, upon his conviction of any such offense, the government will seek forfeiture in accordance with Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), which require any person convicted of such

offenses to forfeit any property constituting or derived from proceeds obtained directly or indirectly as a result of such offenses, including but not limited to:

Money Judgment

A sum of money equal to $3,808,872.30 in United States currency.

Specific Property

a. All right, title and interest in the real property and premises located at 1-15 Samos Lane, Whitestone, New York;

b. All right, title and interest in the real property and premises located at Residential Unit No. 79A in the building known as The Trump World Tower, located at 845 United Nations Plaza, New York, New York;

c. All right, title and interest in the real property and premises located at 101 Parrish Pond Court East, Southampton, New York;

d. All right, title and interest in the condominium located at 101 20th St., Apartment 2606, Miami Beach, Florida;

e. All funds on deposit in, or transferred to or through Commerce Bank (now known as TD Bank) account no. 7915014554 held in the name of P.S.C.A. Consultants, Inc., and all proceeds traceable thereto;

f. All funds on deposit in, or transferred to or through, HSBC bank account no. 032557477 held in the name of

CHRIS ORSARIS, and all proceeds traceable thereto;

  g. All funds on deposit in, or transferred to or through, HSBC bank account no. 942158792 held in the name of P.S.C.A. Consultants, Inc., and all proceeds traceable thereto.

  h. All funds on deposit in, or transferred to or through, HSBC bank account no. 032109105 held in the name of CHRIS ORSARIS, and all proceeds traceable thereto.

  i. All funds on deposit in, or transferred to or through, HSBC bank account no. 942159977 held in the name of CPMW Consultants Inc., and all proceeds traceable thereto.

  25. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

  b. has been transferred or sold to, or deposited with, a third party;

  c. has been placed beyond the jurisdiction of the Court;

  d. has been substantially diminished in value; or

  e. has been commingled with other property, which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c), to seek forfeiture of any

other property of the defendant up to the value of the forfeitable property described in this forfeiture allegation.

(Title 18, United States Code, Section 981(a)(1)(C); Title 21, United States Code, Section 853(p); Title 28, United States Code, Section 2461(c))

CRIMINAL FORFEITURE ALLEGATION AS TO
COUNTS EIGHTY-TWO THROUGH ONE HUNDRED AND SIXTY-TWO

26. The United States hereby gives notice to the defendant charged in Counts Eighty-Three through One Hundred and Sixty-Two that, upon conviction of such offenses, the government will seek forfeiture in accordance with Title 18, United States Code, Section 982(a)(1), of all property involved in the violation of Title 18, United States Code, Section 1957, and all property traceable to such property as a result of the defendant' conviction of any of Counts Eighty-One Through One Hundred and Sixty-Two, including but not limited to, the following:

Money Judgment

A sum of money equal to $4,669,772.24 in United States currency.

Specific Property

a. All right, title and interest in the real property and premises located at 1-15 Samos Lane, Whitestone, New York;

b. All right, title and interest in the real property and premises located at Residential Unit No. 79A in the building known as The Trump World Tower, located at 845 United Nations

Plaza, New York, New York;

c. All right, title and interest in the real property and premises located at 101 Parrish Pond Court East, Southampton, New York;

d. All right, title and interest in the condominium located at 101 20th St., Apartment 2606, Miami Beach, Florida;

e. All funds on deposit in, or transferred to or through Commerce Bank (now known as TD Bank) account no. 7915014554 held in the name of P.S.C.A. Consultants, Inc., and all proceeds traceable thereto;

f. All funds on deposit in, or transferred to or through, HSBC bank account no. 032557477 held in the name of CHRIS ORSARIS, and all proceeds traceable thereto;

g. All funds on deposit in, or transferred to or through, HSBC bank account no. 942158792 held in the name of P.S.C.A. Consultants, Inc., and all proceeds traceable thereto.

h. All funds on deposit in, or transferred to or through, HSBC bank account no. 032109105 held in the name of CHRIS ORSARIS, and all proceeds traceable thereto.

i. All funds on deposit in, or transferred to or through, HSBC bank account no. 942159977 held in the name of CPMW Consultants Inc., and all proceeds traceable thereto.

27. If any of the above-described forfeitable property, as a result of any act or omission of any defendant:

    a.  cannot be located upon the exercise of due

        diligence;

    b.  has been transferred or sold to, or deposited with,

        a third party;

    c.  has been placed beyond the jurisdiction of the

        Court;

    d.  has been substantially diminished in value; or

    e.  has been commingled with other property, which

        cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21,

United States Code, Section 853(p), as incorporated by Title 18,

United States Code, Section 982(b)(1), to seek forfeiture of any

other property of the defendants, up to the value of the

forfeitable property described in this forfeiture allegation.

    (Title 18, United States Code, Section 982(a)(1) and

982(b)(1))

                    A TRUE BILL

                    *Susan Stinsberg*

                    FOREPERSON

---

BENTON J. CAMPBELL
UNITED STATES ATTORNEY
EASTERN DISTRICT OF NEW YORK

BY: _____
ACTING UNITED STATES ATTORNEY
PURSUANT TO 28 C.F.R. 0.136

No. _____

# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF NEW YORK

CRIMINAL DIVISION

### THE UNITED STATES OF AMERICA

*vs.*

CHRIS ORSARIS,

Defendant.

## I N D I C T M E N T

(T. 18, U.S.C., §§ 513, 981 (a) (1) (C), 982 (a) (1), 982 (b) (1), 1001 (a) (2), 1349, 1957, 2 and 3551 et seq.; T. 21, U.S.C., § 853 (p); T. 28, U.S.C., § 2461 (c))

*A true bill*

_____
*Foreman*

*Filed in open court this* _____ *day,*

*of* _____ *A.D. 19* _____

_____
*Clerk*

*Bail, $* _____

BURTON T. RYAN, AUSA, (631) 715-7853